IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LAILA KIA,            No. C -12-05317 EDL

    Plaintiff,            **ORDER DENYING DEFENDANT'S MOTION TO REOPEN DISCOVERY**

v.

RAHIM A. KIA,

    Defendant.

_____/

Before the Court is Defendant Kia's Motion to Reopen Discovery, which closed on July 30, 2013 pursuant to Judge White's Order Scheduling Trial and Pretrial Matters. See Docket No. 22. Plaintiff filed an opposition to Defendant's Motion on September 30, 2013, but Defendant failed to file a reply by the deadline of October 7, 2013. See Civil L.R. 7-3(c). Because this matter is appropriate for hearing without oral argument, the October 29, 2013 hearing is vacated. For the reasons stated in this Order, Defendant's Motion to Reopen Discovery is denied.

Defendant seeks to modify the scheduling order, which is governed by Federal Rule of Civil Procedure 16(b)(4). Rule 16(b)(4) states in relevant part: "A schedule may be modified only for good cause and with the judge's consent." In determining whether good cause exists to reopen discovery, courts may consider a variety of factors. See, e.g., United States ex rel. Schumer v. Hughes Aircraft Co., 63 F.3d 1512, 1526 (9th Cir.1995) ("Denial of a motion to reopen discovery is reviewed for 'a clear abuse of discretion.' In applying this standard, courts consider such factors as: 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will

1 lead to relevant evidence."). However, a good cause determination focuses primarily on the
2 diligence of the moving party in his attempts to complete discovery in a timely manner. Johnson v.
3 Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).

4 Although Plaintiff has produced a proof of service showing service of the complaint in this
5 matter on Defendant in Iran on January 24, 2013 (see Mitchell Decl. Ex. A), Defendant states that he
6 was unaware that this action, which was filed in October 2012, was pending until May 21, 2013
7 when he was present in Yolo County, California from Iran for a court proceeding in another case
8 involving the parties. See Kia Decl. ¶¶ 4-7. On that date, Defendant's counsel requested a copy of
9 the complaint. See VanNoord Decl. ¶ 7. Plaintiff's counsel served Defendant with the complaint at
10 a deposition on May 28, 2013. See Kia Decl. ¶ 8.

11 Even accepting Defendant's statement under oath that he was not served until May 28, 2013
12 (see Kia Decl. ¶ 4), he has not shown that he was diligent in completing discovery prior to the July
13 30, 2013 deadline. There is no explanation for why he did not seek immediate relief from the
14 January 2013 Order Scheduling Trial and Pretrial Matters on or shortly after May 28, 2013. Instead,
15 Defendant filed an answer on May 29, 2013 and did not seek a court order to extend that deadline.
16 Nor did he file a motion to quash the January 2013 service, or seek an extension of the pretrial and
17 trial dates that had been entered in January 2013. It appears that Defendant failed to take any action
18 in this case from May 28, 2013 to July 26, 2013 when, four days before the discovery cutoff,
19 Defendant served Plaintiff with 177 interrogatories[1] and a demand for production of documents. See
20 Mitchell Decl. Ex. B. Discovery was set to close on July 30, 2013, which would have been before
21 the discovery responses were due. Plaintiff asked Defendant to withdraw the discovery requests, but
22 he would not. Mitchell Decl. ¶ 4.

23 Further, Judge White's Order Scheduling Trial and Pretrial Matters states that: "If the
24 modification [of the Order] sought is an extension of a deadline contained herein, the motion must
25 be brought before expiration of that deadline." Docket No. 22 (emphasis in original). Here,

---

[1] Plaintiff states in her opposition that there were 197 interrogatories, but the exhibit attached to counsel's declaration contains 177 interrogatories. See Mitchell Decl. Ex. B. Regardless of whether there were 177 or 197 interrogatories, the number of interrogatories was well in excess of the limit prescribed by Federal Rule of Civil Procedure 33, and there was no indication in the Case Management Scheduling Order that Defendant had leave to serve excessive interrogatories.

Defendant waited almost two months after the discovery cutoff date to file this Motion to Reopen Discovery. For all of these reasons, Defendant's Motion to Re-open Discovery is denied. The Court will issue a separate scheduling order containing the remaining pretrial and trial dates.

**IT IS SO ORDERED.**

Dated: October 11, 2013

ELIZABETH D. LAPORTE
United States Magistrate Judge