1
2
3
4
5

**Raye Mitchell (SBN 172664)**
**Attorney at Law**
**1300 Clay Street Suite 600**
**Oakland, CA 94612**
**510.836.2097 (ph)/510.380.6431 (fax)**
**raye@rayemitchell.com**
**Attorney for Plaintiff**

6
7
8
9

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

10
11
12
13
14
15
16
17
18

| | |
|---|---|
| **LAILA KIA,**<br><br>        Plaintiff,<br><br>    vs.<br><br>**The California Public Employees'**<br><br>**Retirement System (CalPERS), and**<br><br>**Rahim A. Kia, an individual.**<br><br><br><br>        Defendants. | **Civil Case No.: C12-5317 EDL**<br><br>**NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF; MEMORANDUM OF vs. POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**Date: November 18, 2014**<br>**Time: 9:00 a.m.**<br>**Courtroom: Crt Room E**<br>**Trial**<br>**Date: March 9, 2015** |

19
20

### NOTICE OF MOTION TO WITHDRAW AS COUNSEL

21

TO PLAINTIFF, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

22
23
24
25
26
27
28

PLEASE TAKE NOTICE THAT on **November 18, 2014,** at 9:00 a.m. or as soon thereafter as

counsel may be heard in Courtroom E, 15th Floor of the United States District Court for the

Northern District of California, San Francisco Division, Attorney Raye Mitchell ("Mitchell"),

moves this Court for an order permitting Mitchell to withdraw as counsel of record for Plaintiff

Laylia Kia ("Ms. Kia"), in the above-entitled action. This motion is made pursuant to Local Rule

11-5 and California Rule of Professional Conduct 3-700(c)(1)(d) and (f) and is based on the grounds that:

1.      Plaintiff has breached an obligation to Mitchell for payment to Mitchell as to the payment of expenses and fees and the condition has remained uncured for months;

2.      Plaintiff is inaccessible to Mitchell to prosecute or prepare the case, failed to communicate with Mitchell and has have made it unreasonably difficult for Mitchell to carry out its employment effectively;

3.      A third party has substantially interfered in the employment relationship of Mitchell and the attorney-client relationship with Mitchell to the point of blocking access to the Plaintiff, creating an inability to meet, communicate with or otherwise communicate directly with the Plaintiff. Mitchell believes the third has communicated with opposing counsel in this case and other matters in an effort to direct tensions and pressures upon Mitchell to work without payment and to get Mitchell "into trouble," be sanctioned and otherwise penalized for refusing to represent the third party. Mitchell also notes that the third party is the source of a smear campaign directly with Mr. Van Noord, and or his client in an effort to obtain monetary sanctions against Mitchell (after Mr. Van Noord improperly worked with a Judge Pro Tem to have an early settlement conference set in favor of his client. The Judge Pro Tem should have recuesd herself as she knew Mr. Van Noord for several years). Mr. Van Noord attempts to bring the same allegations and smear to this case. There is something strange going on as to the third party, the Defendant and it is difficult to ascertain all details. Mitchell is concerned for the physical, emotional and or financial stability of the Plaintiff, but has no ability to act on such concerns.

4.      Mitchell believes and based on such that the third party is the source of harsh,

hostile and irregular communication to Mitchell purporting to be from the client Plaintiff. Mitchell can produce said communications and text messages for *in camera* review by the court.

5. Trial has been reset in this matter twice. On June 6, 2014, the Court issued the following Order:  Dispositive motions shall be filed no later than September 23, 2014, and will be heard on October 28, 2014 at 2:00 p.m. The pretrial conference in this matter is continued to **February 17, 2015**. The trial is continued to **March 9, 2015**.This matter is referred to Magistrate Judge Maria-Elena James for a further settlement conference to take place, if possible, between October 14, 2014 and October 27, 2014. The parties are ordered to attend. In particular, Plaintiff must appear in person at the further settlement conference.

6.     The Settlement Conference is set for **October 15, 2014**. Settlement Conference statements are due by October 7, 2014. However, as of October 7, 2014, Plaintiff has failed to meet or conference in person or telephonically with Mitchell regarding the case and has failed to cure the breach of payment obligation that has persisted since March 2014.

7.     Jury trial is not until March 9, 2015. There are no dispositive motions pending and discovery has closed once again. Plaintiff has sufficient time to fine replacement counsel as this discussion regarding Mitchell's withdrawal and termination of services has persisted since January 2014.  Mitchell has no authority or ability to otherwise dismiss this action without prejudice as she has not been able to reach the Plaintiff in person.

Mitchell provides this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Raye Mitchell served and filed herewith, and any additional evidence and argument that may be presented at the hearing on this Motion.

1

2   Dated: October 7, 2014            The Law Offices of Raye Mitchell

3

4                                     By: _/s/ Raye Mitchell

5                                        Raye Mitchell
                                         Attorney for Plaintiff
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

## MEMORANDUM OF POINTS AND AUTHORITIES

Mitchell seeks to be relieved as counsel of record for Plaintiff because Plaintiff has breached her obligation to pay for any legal services and expenses, failed and refused to communicate with Mitchell regarding case preparation and has made it unreasonably difficult for Mitchell to carry out her employment. Mitchell is unable to communicate with Plaintiff via telephone or in person. Mitchell's efforts to communicate via text, a previously utilized method, have terminated, as there is no delivery or apparent working text number.  Although, Mitchell receives on occasion a confirmation of delivery of the text, Mitchell receives no reply from Ms. Kia that can authenticated. See Declaration of Mitchell.

The exclusive means of communication with Plaintiff is electronic mail. Mitchell, however, has been unable to authenticate the emails as originating from the Plaintiff.  Still further, despite almost 50-100 emails, the issues that have lead to the breakdown in the attorney-client relationship remain unaddressed and unresolved. Decl. Mitchell.

The matter is set for a Settlement Conference on October 15, 2014 and Settlement Conference statements are due October 7, 2014, however, Mitchell has yet to receive a response from the Plaintiff indicating she would attend a meeting with Mitchell at Mitchell's office to discuss the case and open matters. Mitchell has no confirmation that the Plaintiff will attend and participate in any Settlement Conference as ordered by the Court. Such actions renders it not only unreasonably difficult, but impossible for Mitchell to work both without client communication, participation and payment for services and expenses. See Decl. Mitchell

Mitchell represented the Plaintiff in other matters and applications to withdraw as counsel are or will be pending in all other matters for the same reasons stated herein. Prior to lodging this motion, Mitchell exhausted all efforts to resolve the matters with the Plaintiff, but all proved

ineffective. There is no effective communications between the Plaintiff and Mitchell. There has been no resolution of the matter of the obligation to pay for fees and expenses. There has been no resolution of the matter of unreasonable interference by a third party who seeks to effectively intervene in place of the Plaintiff as to claims in this matter.  Mitchell has no attorney-client relationship with the third party and has refused efforts by the third party to interfere in the attorney-client relationship. Mitchell has no duty to the third party that insists he make all decisions and be present at all meetings with the client and that he direct, and not the client, direct Mitchell's employment and actives. Mitchell fully advised the third party as to her duties concerning third parties and third party payers. The third party resisted and rejected such information. Attached to the declaration of Mitchell are two emails from the third party purporting to "take-over" all decision-making in the matter of Ms. Kia's cases.

Northern District of California Civil Local Rule 11-5 provides for permissive withdrawal of counsel upon order of the Court, after reasonable notice is provided to the client and all other parties to the case. Civil Local Rule 11-4(a) incorporates the California Rules of Professional Conduct, which set forth circumstances under which permissive withdrawal is appropriate. In particular, counsel may seek permission to withdraw from a case in which the client "renders it unreasonably difficult for the member to carry out the employment effectively" and/or "breaches an agreement or obligation to the member as to expenses or fees." Rule of Professional Conduct 3-700(C)(1)(d), (f); see also *Schueneman21 v. 1" Credit of Am., LLC*, No. C 05-4505, 2007 U.S. Dist. LEXIS 48981, at *23-24 (N.D.22 Cal. July 6, 2007) (granting counsel's motion to withdraw because party breached agreement to pay legal fees).

The circumstances leading to this motion have existed since January 2014, with some informal and temporary relief in March 2014 for the first settlement conference. The situation

resumed thereafter and has not improved and in fact deteriorated substantially since March 2014 whereby Mitchell has been hampered in her efforts to communicate with the Plaintiff as to the very core of her case. Mitchell has repeatedly advised Plaintiff that Mitchell would be seeking to withdraw from all representation of Laylia Kia because of failure to meet obligations to pay for expenses and fees and failure to communicate and failure to even cooperate in the prosecution of the case at the most minimal levels. Mitchell has provided Ms. Kia with copies of all Orders regarding the matter, including copies and direct links to the USDC docket in this case.  Ms. Kia has been notified many times of the specific directions of the Court that Ms. Kia attend the Settlement Conference set for October 15, 2014.  As of October 7, 2014, Ms Kia has failed to meet with Mitchell in person to aid in the preparation of a settlement conference statement or to resolve the matter of payment for services. The last meeting was set for 10:30 A.M. at Mitchell's office in San Leandro, CA. as of 11:00 a.m. Ms. Kia has failed to confirm her attendance at the meeting and failed to appear or set a time to appear. See Mitchell Decl.

Although Mitchell can in accordance with its professional and ethical duties, set forth more details leading to the breakdown of the attorney-client relationship and the precise reasons that have brought about this motion, both of these conditions for permissive withdrawal are present. See id. At the hearing on this motion Mitchell of course will respond to any questions, which this Court may pose, consistent with its professional and ethical duties, and will be prepared to discuss matters in chambers if so requested. Mitchell has provided Plaintiff with reasonable notice of this Motion. Id.

Based on the foregoing, Attorney Raye Mitchell respectfully requests that this Court issue an order approving its withdrawal as counsel of record for Plaintiff in this action.

Dated: October 8, 2014                    The Law Offices of Raye Mitchell


By: _/s/ Raye Mitchell
Raye Mitchell
Attorney for Plaintiff

### DECLARATION OF RAYE MITCHELL

I, Raye Mitchell, declare as follows:

1.      I am an attorney licensed to practice in all courts in the State of California and the United States District Court, Northern California.  If called as a witness, I can testify to the following facts based on personal knowledge:

2.      I have tried to communicate with Plaintiff via telephone or in person. I have requested meetings several times and either she would agree and then not show, or simply fail and refuse to set a meeting to discuss her case and payment obligations.  I used to be able to send text messages to the Plaintiff as her preferred method of communication, along with email, however in about July, she stopped responding to text messages, except for one response in August 2014. Now when I send text messages, it is unclear if it is a working text line or not.  I do not receive responses.

3.      Despite almost 50-100 emails, the issues that have lead to the breakdown in the attorney-client relationship remain unaddressed and unresolved. Attached as an exhibit are two emails form the third party purporting to take over the case.  I never entered into any such agreements with the client and there are no written or oral agreements with the client that I am to substitute this third party as if my client, although I advised the third party in person and provided copies of the Rules of Professional Conduct regarding third party payers.

4.      The matter is set for a Settlement Conference on October 15, 2014 and Settlement Conference statements are due October 7, 2014, however, I have yet to receive a response from Ms. Kia indicating she would attend a meeting with me to discuss the case and open matters. Such actions renders it not only unreasonably difficult, it is impossible for me to work both

NOTICE OF MOTION TO WITHDRAW AS COUNSEL;
MEMO OF POINTS AND AUTHORITIES IN SUPPORT

1300 Clay Street Suite 600 Oakland, CA 94612
510.836.2097 (ph)/510.836.2374 (fax)

without client communication, participation and payment for services and expenses. As of October 7, 2014, Ms Kia has failed to meet with Mitchell in person to aid in the preparation of a settlement conference statement or to resolve the matter of payment for services. The last meeting was set for 10:30 A.M. at Mitchell's office in San Leandro

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed the date below in Oakland, CA.

Dated: October 8, 2014     By:     *Raye Mitchell*

Raye Mitchell

---

Certification of Service

I certify that I have served a copy of this Motion and accompanying schedules upon all parties in this action via the ECF filing system.  I further certify that I served advanced copy of this Notice of Motion and Motion with Memorandum of Points and Authorities and Supporting Declaration of Raye Mitchell upon Plaintiff Laylia Kia at her usual and customary email address of: laylakia@ymail.com on Tuesday October 7, 2014 at 12:06 pm.  This email being the only known email and was active as of 1:30 pm October 6, 2014 when I received two emails from this email address purporting to be the email for Ms. Kia. This is the one and only email I have ever known to reach Ms. Kia. Our agreement specifies and requires all service upon her via electronic mail.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed the date below in Oakland, CA.

Dated:  October 8, 2014                    By:

                                                        Raye Mitchell

---

NOTICE OF MOTION TO WITHDRAW AS COUNSEL;
MEMO OF POINTS AND AUTHORITIES IN SUPPORT

1300 Clay Street Suite 600 Oakland, CA 94612
510.836.2097 (ph)/510.836.2374 (fax)

**From:** Reza Valiyee <rezavaliyee@gmail.com>
**To:** Mitchell <mitchellsr@aol.com>
**Subject:** Layla cases
**Date:** Fri, Jan 10, 2014 1:09 pm

Dear Ms. Mitchell,

Layla told me that you had called her this afternoon stating that you had a payment that you needed to make so that you needed her payment for the new expenses that you emailed her a couple of days ago. Redacted

. Because of that, as I stated in the letter that I wrote you awhile back, I am going to take on the arduous task of financing her legal matters; however, the terms under which I made this statement relied on the fact that you no longer communicated with her directly, but with me about what you want to do, what needs to be done, and what payment you are expecting. Layla no longer can make decisions regarding your actions because I am the one footing the bills.

I know that I had mentioned this to you in the last letter that I wrote you, but it really is of the utmost importance for this fact to be respected. With Layla's training and her failing emotional and physical health, she needs to have the burden of making decisions regarding much of the legal issues taken off her shoulders.
like you to communicate with me directly on all matters,

REDACTED

Thank you for respecting our requests to continue any further communication regarding Layla's cases with me directly. You may send them to my email: rezavaliyee@gmail.com and continue to CC Layla on all messages. I would like to have all communications come in the form of an email or a written letter and be as succinct as possible, a quality that I will reciprocate in my return responses.

Thank you and please email with any questions, concerns, or comments.


Sincerely,


Reza Valiyee


--
**Leader Universal Housing**
**Reza Valiyee, Owner**
**2253 Ward Street**
**Berkeley, CA 94705**

Dear Ms. Mitchell,

Thank you for your e-mail and comments. It is regrettable that your system seems to be different than all the other lawyers and judges I've had the pleasure of working with over the last six decades in my time as an **architect, engineer, developer** and **inventor.**

I do not, in my business, agree to any situation that is open-ended, and if the situation moves toward an open-ended nature, I most likely terminate the agreement. Open-ended agreements rarely are successful, economical, or efficient for anyone involved. I have honored whatever agreement (written or verbal) that I have ever made. I don't have an official agreement with you, but I do have an agreement with Layla that I have done my best to honor even under the recently less desirable conditions.

**REDACTED TO PROTECT CLIENT INTEREST.**

It is not pleasant or economical to keep changing lawyers, but with all that has been going on, you have left us little choice but to switch council, again. Even the current council that we are speaking with will not sign the Substitution of Attorney forms until he has sorted out what is going on in all the cases. He states that all the cases are very messy and it will be very difficult to handle them and clean up after both Mr. Frumkin, and now you. He will sign them when he is ready, but until then, the cases cannot legally be dropped. We understand that you will no longer do any work on them without payment, which is not anything we ever asked or expected from you. Mr. Torbet will contact you when he is ready.

Now, here we are with no choice but to seek alternative. It is important to me that you understand why we are making the decisions that we are making regarding the termination of your council.

Best wishes

Reza Valiyee

1
2
3
4
5

**Raye Mitchell (SBN 172664)**
**Attorney at Law**
**1300 Clay Street Suite 600**
**Oakland, CA 94612**
**510.836.2097 (ph)/510.380.6431 (fax)**
**raye@rayemitchell.com**
**Attorney for Plaintiff**

6
7
8
9

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

10
11
12
13
14
15
16
17
18

| | |
|---|---|
| **LAILA KIA,**<br><br>    Plaintiff,<br><br>    vs.<br><br>**The California Public Employees'**<br>**Retirement System (CalPERS), and**<br>**Rahim A. Kia, an individual.**<br><br><br>    Defendants. | **Civil Case No.: C12-5317 EDL**<br><br>**[PROPOSED] ORDER ON MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF; MEMORANDUM OF vs. POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**Date:  November 18, 2014**<br>**Time: 9:00 a.m.**<br>**Courtroom: Crt Room E**<br>**Trial**<br>**Date: March 9, 2015** |

19
20
21
22
23
24
25
26
27
28

### [PROPOSED] ORDER ON MOTION TO WITHDRAW AS COUNSEL

The matter of Plaintiff's counsel Raye Mitchell's Motion to Withdraw as attorney of record for Plaintiff Laylia Kia and the Court, having considered the Motion and arguments of counsel and arguments or submissions of Plaintiff, is of the opinion that the motion has merit and should in all things be granted.

_____

[Proposed] ORDER ON MOTION TO WITHDRAW AS COUNSEL;

It is, therefore,

ORDERED, ADJUDGED and DECREED that Raye Mitchell is withdrawn as counsel of record for Plaintiff.


SIGNED this the ـــــ day of _____ 2014.


_____
JUDGE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT