1

2

3

4

5                        IN THE UNITED STATES DISTRICT COURT

6                      FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8    LAILA KIA,

9              Plaintiff,                          No. 12-05317  EDL

10      v.                                         **ORDER GRANTING MOTION TO**
                                                   **WITHDRAW AS COUNSEL**
11   THE CALIFORNIA PUBLIC EMPLOYEES'
     RETIREMENT SYSTEM, et al.,
12
               Defendants.
13   _____/

14   **Background**

15           This case was initiated as an ERISA case against Defendants CalPERS and Defendant Kia,

16   who resides in Iran.  Plaintiff dismissed CalPERS, so the action remains only as to Kia, Plaintiff's

17   former husband.  In June 2014, this Court referred the matter to Magistrate Judge James for a further

18   settlement conference to take place between October 14, 2014 and October 27, 2014 and stated that,

19   "The parties are ordered to attend.  In particular, Plaintiff must appear in person at the further

20   settlement conference."  See Dkt. # 69.  Judge James set a settlement conference for October 15,

21   2014.  On October 8, 2014, Plaintiff's counsel, Raye Mitchell, filed this motion to withdraw as

22   counsel on the bases that Plaintiff has breached her payment obligations to counsel, has been

23   uncommunicative and inaccessible to counsel, and a third party has substantially interfered in the

24   relationship between Plaintiff and counsel.  The motion indicates that counsel was unable to meet

25   with Plaintiff to prepare for the settlement conference and was unable to confirm that Plaintiff would

26   attend the settlement conference.  On October 14, 2014, Judge James vacated the settlement

27   conference set for the next day.  Thereafter, Plaintiff filed a response to the motion to withdraw,

28   arguing that she has adequately paid counsel and has been available to counsel but counsel has

     refused to provide her with a copy of their fee arrangement, statement of services rendered or

     <span style="writing-mode: vertical-rl">**United States District Court**
     For the Northern District of California</span>

United States District Court
For the Northern District of California

accounting.  For the following reasons, the motion to withdraw is GRANTED but counsel is required to forward papers to Plaintiff until she retains new counsel pursuant to Local Rule 11-5.

**Legal Standard**

Civil Local Rule 11-5 provides that: "[c]ounsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case."  Further, "[w]hen withdrawal by an attorney from an action is not accompanied by simultaneous appearance of substitute counsel or agreement of the party to appear pro se, leave to withdraw may be subject to the condition that papers may continue to be served on counsel for forwarding purposes, unless and until the client appears by other counsel or pro se."  Civil L.R. 11-5(b). In this district, the conduct of counsel, including withdrawal of counsel, is governed by the standards of professional conduct required of members of the State Bar of California.  See Elan Transdermal Limited v. Cygnus Therapeutic Systems, 809 F.Supp. 1383, 1387 (N.D.Cal.1992).  Under California Rule of Professional Conduct 3-700(C)(1)(f), an attorney may request permission to withdraw if the client breaches an agreement or obligation to the member as to expenses or fees.  An attorney may also permissively withdraw "if the client renders it unreasonably difficult for the member to carry out the employment effectively."  See Cal. Rules Prof. Cond. 3-700(C)(1)(c).  The decision to grant or deny an attorney's motion to withdraw as counsel is committed to the sound discretion of the trial court.  LaGrand v. Stewart, 133 F.3d 1253, 1269 (9th Cir. 1998).

**Discussion**

Counsel persuasively argues that she should be allowed to withdraw because Plaintiff has rendered it unreasonably difficult for her to carry out her representation effectively.  Specifically, counsel contends that she is unable to communicate with Plaintiff by phone or in person and receives no response that text messages.  While counsel acknowledges the exchange of 50-100 emails, she states that she has been "unable to authenticate the emails as originating from the Plaintiff."  Motion at 5; Mitchell Decl. ¶ 3.  Counsel states that she was unable to communicate with Plaintiff in advance of the settlement conference set for October 15 and did not receive a confirmation that Plaintiff would show up at the conference.  Additionally, counsel believes that Plaintiff is under the

**United States District Court**
For the Northern District of California

influence of a third party, Mr. Valiyee, who claims to be taking over the decision-making in

Plaintiff's cases because he is paying her bills.  Counsel states that she has no agreement with Mr.

Valiyee nor duty to him, and he is interfering in the attorney-client relationship.  Plaintiff responds

that she has been available to counsel through email and is "almost always available by telephone."

Response ¶ 4.  However, Plaintiff does not address counsel's argument that Mr. Valiyee has

unreasonably interfered in the attorney-client relationship or explain Mr. Valiyee's role in the

representation.

      In light of the correspondence from Mr. Valiyee attached to counsel's briefs, it does appear

that counsel's communication with Plaintiff is being hindered by Mr. Valiyee.  For example, Mr.

Valiyee states that "[Plaintiff] can no longer make decisions regarding your actions because I am the

one footing the bills," and advises counsel not to communicate directly with Plaintiff and to

communicate with him by email or letter.  See Mitchell Decl. Attachment.  Because counsel cannot

communicate directly with her client, and cannot fulfill her duty of loyalty to her client in light of

Mr. Valiyee's interference, it is unreasonably difficult for her to carry out her representation

effectively and this alone supports her request to withdraw.

      Plaintiff's counsel also requests permission to withdraw in part because she contends that she

has not been paid for services rendered since March 2014 but does not specify the amount owed.

Mitchell Reply Decl. ¶ 2.  It appears from correspondence submitted by counsel with her declaration

that a third party, Mr. Reza Valiyee, has been "footing the bills," but it is unclear when or how much

Mr. Valiyee has paid her.  See Mitchell Decl. Attachments.  Plaintiff responds that she has paid

counsel more than $149,000 for this matter and counsel should be required to "finish the job she

started."  Response ¶¶ 2, 7.  However, it is unclear when this payment was made and what costs or

fees it was intended to cover.  In light of this dispute over whether counsel has been appropriately

compensated, the Court does not rely on non-payment of fees as a basis for allowing counsel to

withdraw.[1]

---

      [1]Plaintiff's response also states that she has requested and been denied copies of fee contracts,
a statement of services rendered and an accounting and requests that the Court issue an order to show
cause why counsel should not be held in contempt for failing to provide this information.  Response ¶¶
3, 7.  Plaintiff also states that counsel has "several times simply failed and refused to file required papers

**United States District Court**
For the Northern District of California

1    Counsel has taken steps to avoid reasonably foreseeable prejudice to Plaintiff.  See Cal. Rules

2  of Prof. Conduct 3-700(a)(2) (" A member shall not withdraw from employment until the member

3  has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client,

4  including giving due notice to the client, allowing time for employment of other counsel, complying

5  with rule 3-700(D), and complying with applicable laws and rules.").  She has provided notice of

6  this motion to Plaintiff and Plaintiff has responded.  Plaintiff may be able to obtain new counsel as

7  there are several months before trial.  Indeed, it appears from Mr. Valiyee's letters that he and

8  Plaintiff are in communication with another attorney.  See Mitchell Decl. Attachment ("you have left

9  us little choice but to switch council [sic] again. Even the current council [sic] that we are speaking

10  with will not sign the Substitution of Attorney forms until he has sorted out what is going on . . .  He

11  will sign them when he is ready, but until then the cases cannot legally be dropped.  We understand

12  that you will no longer do any work on them without payment, which is not anything we ever asked

13  or expected from you. Mr. Torbet will contact you when he is ready.").  Given the lack of

14  communication between counsel and Plaintiff, that the attorney-client relationship appears to have

15  deteriorated beyond repair and Plaintiff can obtain new counsel, the motion to withdraw is

16  GRANTED.  However, to avoid any possible prejudice to Plaintiff counsel is required to forward

17  papers to Plaintiff until she retains new counsel pursuant to Local Rule 11-5.

18    Plaintiff is cautioned that she must prosecute her case diligently whether or not she remains

19  *pro se*.  The Court does not condone her apparent failure to make plans to appear at the settlement

20  conference, as required.  Nor is it appropriate for a third party to control Plaintiff's case.  Failure to

21  appear as required and prosecute this matter appropriately may be grounds for dismissal.

22  **IT IS SO ORDERED.**

23  Dated: November 3, 2014

24  *Elizabeth D. Laporte*
    ELIZABETH D. LAPORTE
    United States Magistrate Judge

25

26

---

27  or appeared as ordered" but does not further describe these alleged transgressions.  Response ¶ 5.
    Counsel denies that she has failed to account for money paid for past services, but does not respond to

28  Plaintiff's argument that she has refused to provide Plaintiff with an accounting or copy of their fee
    agreement. Mitchell Reply Decl. ¶ 2. Given the lack of information and evidence relating to these
    alleged ethical violations, the Court makes no decision relating these issues.

4